UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEON HOLLINGSWORTH, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02645-JRS-MJD |
| | ) | |
| DONALD EMERSON, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**Order Denying Petition for Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Leon Hollingsworth's petition for writ of habeas corpus challenges his 2017 Porter County, Indiana, conviction for battery. The respondent filed a return to show cause order which argued that the petition should be dismissed due to a procedural default resulting from a failure to exhaust state court remedies. Mr. Hollingsworth filed a reply, arguing he had overcome the procedural bar by showing cause for his default and, in the alternative, asking for a stay of these proceedings to allow him to exhaust his state remedies. For the reasons that follow, Mr. Hollingsworth's **habeas corpus petition is denied**.

## I. Background

Mr. Hollingsworth was convicted on June 14, 2017, and sentenced on July 11, 2017, for one count of battery. Dkt. 9-1 at 5-6. He sought direct appeal where he raised one claim: whether the State's use of his silence against him at trial constituted fundamental error. Dkt. 9-5. The Indiana Court of Appeals affirmed his conviction on May 3, 2018. *Id.* Mr. Hollingsworth admits he did not seek transfer to the Indiana Supreme Court. Dkt. 1 at 2. He did not pursue state post-conviction relief, but rather filed a § 2254 petition on the single issue of whether the prosecutor violated his rights by commenting on his silence pre- and post-arrest at trial. Dkt. 1 at 2.

## II.     Discussion

Respondent contends that Mr. Hollingsworth is procedurally barred from raising his claim because he did not seek transfer to the Indiana Supreme Court on direct review. Dkt. 9 at 4. "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26.

Although Mr. Hollingsworth admits he did not seek transfer to the Indiana Supreme Court, he alleges that appellate counsel's ineffectiveness excuses the default. Dkt. 15 at 4. To be sure, counsel's ineffectiveness may sometimes excuse a default, but "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis in original). Thus, a claim of ineffective assistance "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). Mr. Hollingsworth cannot establish cause for the procedural default unless he exhausts his ineffective assistance of counsel claim in state court.

But it would be an exercise in futility for Mr. Hollingsworth to go through state post-conviction proceedings with the goal of returning to federal court on this habeas petition. That is because the sole issue raised by Mr. Hollingsworth in his § 2254 petition was decided on independent and adequate state grounds and is therefore subject to a different type of procedural default.

Besides the type of procedural default asserted by the respondent, procedural default also occurs when "the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). "[W]hen a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules (i.e., because the petitioner failed to contemporaneously object), that decision rests on independent and adequate state procedural grounds." *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010).

Although the respondent did not raise this type of procedural default in its return to order to show cause, the Court may exercise its "discretion to raise the subject of procedural default sua sponte." *Perruquet v. Briley*, 390 F.3d 505, 518 (7th Cir. 2004). This is because "in view of the interests in comity, federalism, and judicial efficiency implicated by a habeas petitioner's failure to properly present his constitutional claim to the state courts before seeking habeas relief in federal court, it can be appropriate for a federal court to overlook the State's failure to . . . assert the petitioner's procedural default." *Id.* Here, the respondent requested additional time to address the merits and raise any additional procedural defenses if the Court did not find procedural fault for failing to seek transfer to the Indiana Supreme Court. Dkt. 9 at 1, n. 1. The Court finds it in the interests of judicial economy to address whether Mr. Hollingsworth's claim is procedurally defaulted due to its resolution on independent and adequate state grounds.

Mr. Hollingsworth asserts in his petition that his due process rights were violated because the prosecutor elicited testimony about his pre-arrest silence and discussed his silence during closing argument. Dkt. 2 at 2. However, because Mr. Hollingsworth did not object to the prosecutor's statements at trial, the Indiana Court of Appeals found the claim waived and reviewed

it only under Indiana's version of the plain-error doctrine—that is, for fundamental error. Dkt. 9- 5 at 4-5. The Seventh Circuit has "repeatedly explained that where a state court reviews the claim for plain error as the result of a state procedural bar . . . , that limited review does not constitute a decision on the merits." *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010) (collecting cases); *see also Willis v. Aiken*, 8 F.3d 556, 567 (7th Cir. 1993) ("[T]he determination of the Indiana appellate court, that no fundamental error resulted from the instruction, rests on an independent and adequate state ground. We therefore hold that habeas review in the federal courts is . . . precluded."). The Indiana Court of Appeals's analysis of Mr. Hollingsworth's claim under Indiana's fundamental-error doctrine constitutes an independent and adequate state law basis for its decision. Mr. Hollingsworth's claim is therefore procedurally defaulted, and he is not entitled to federal habeas relief. *See Walker*, 562 U.S. at 315.

### III.    Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal. Federal law requires that he first obtain a [certificate of appealability ("COA")] from a circuit justice or judge. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' § 2253(c)(2)." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

Where, as here, a petitioner's claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not dispute that Mr. Hollingsworth's claim is procedurally defaulted. The Court therefore **denies** a certificate of appealability.

## IV. Conclusion

Mr. Hollingsworth's due process claim is procedurally defaulted and thus his petition for a writ of habeas corpus is **denied**. Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 11/25/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LEON HOLLINGSWORTH, III
994173
HERITAGE TRAILS CORRECTIONAL FACILITY
Inmate Mail/Parcels
501 W. Main St.
Plainfield, IN 46168

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov